Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (I)

| INSTITUTE FOR BUILDING TECHNOLOGY AND SAFETY<br><br>Recurridos<br><br>v.<br><br>PUBLIC ASSISTANCE CONSULTANTS INTL. INC., RICKEY CONRADT; **FULANA DE TAL,** ET ALS<br><br>Peticionarios | KLCE202500162 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2021CV06295 (504)<br><br>Sobre: Cobro de Dinero; Daños; Dolo; Incumplimiento de Contrato |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Rivera Torres y el juez Salgado Schwarz.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de marzo de 2025.

Comparece ante este tribunal apelativo, la Sra. Corey Lynn Seidel (señora Seidel o peticionaria) mediante la *Solicitud de Certiorari* de epígrafe y nos solicita que revoquemos la *Resolución* emitida el 21 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), notificada el 25 de noviembre siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la moción desestimatoria instada por la peticionaria y, en consecuencia, *Ha Lugar* a la oposición presentada por Institute for Building Technology and Safety (IBTS o la recurrida).

Por los fundamentos que expondremos más adelante, denegamos expedir el recurso de *certiorari* solicitado.

### I.

El 18 de enero de 2023, IBTS incoó una *Primera Demanda Enmendada* sobre incumplimiento de contrato, dolo y daños en

contra de Public Assistance Consultants International, Inc. (PACI), el Sr. Rickey Gene Conradt (señor Conradt), la peticionaria y la Sociedad Legal de Gananciales compuesta por ambos.[1] En esencia, se alegó que entre IBTS y PACI, representada por el señor Conradt suscribieron un contrato en el que pactaron que IBTS proveería, a ciertos clientes de PACI, recursos y servicios en áreas sobre manejo de recuperación de desastres y solicitud de subvenciones. Agregó, entre varios asuntos, que entre los clientes a ofrecer los servicios estaba el Departamento de Corrección y Rehabilitación, y que, a pesar de que la agencia le pagó a PACI los servicios prestados por IBTS, esta se negó a pagarle por los mismos.

El 26 de enero de 2023, el Sr. Rickey Gene Conradt y la peticionaria contestaron la *Primera Demanda Enmendada.* En esta negaron que entre ellos existiera una sociedad legal de gananciales, ya que contrajeron nupcias bajo el régimen de capitulaciones matrimoniales.

En lo que nos concierne, el 24 de agosto de 2023, la peticionaria presentó una *Moción Solicitando Desestimación Parcial en cuanto a Corey Lynn Seidel y la Sociedad Legal de Gananciales.*[2] En esta, aunque se aceptó varias alegaciones de la demanda, reiteró que el señor Conradt y ella están casados bajo el régimen de capitulaciones matrimoniales. En este sentido, acompañó el petitorio con un documento titulado *Prenuptial Agreeement* solo firmado por ellos el 14 de octubre de 2011 y una Declaración Jurada suscrita por la señora Seidel.[3] Agregó que el matrimonio se celebró en el estado de Texas en donde ambos son residentes y se permite

---

[1] El 27 de septiembre de 2021 IBTS incoó una *Demanda Jurada* en contra de PACI, Sr. Rickey Gene Conradt y Fulana de Tal casada con este bajo el régimen de Sociedad Legal de Gananciales. En la *Contestación a la Demanda* compareció "... la parte codemandada, Rickey Conradt, Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos..." Véase, Apéndice del Recurso, a las págs. 1 y 96, respectivamente.

[2] *Íd.*, a la pág. 44.

[3] *Íd.*, a las págs. 50-53

el otorgamiento de capitulaciones matrimoniales bajo dicha formalidad.

IBTS presentó la correspondiente oposición en la que señaló que, la referida moción desestimatoria, constituye una solicitud de sentencia sumaria más subrayó que incumple con la Regla 36 de las de Procedimiento Civil. Advirtió que el pedido se instó estando pendiente un descubrimiento de prueba relativo a la validez de las alegadas capitulaciones matrimoniales, y la relación de la señora Seidel con PACI y el principal funcionario, el señor Conradt. Asimismo, expuso que el señor Conradt aceptó que una de las transacciones bancarias fue expedir un cheque por $112,000 para el pago de un *lease* por un auto Corvette que él utilizaba. El referido cheque resultó estar a nombre de Viollet Lounge LLC, compañía perteneciente a la peticionaria.[4]

Por tanto, planteó que la moción desestimatoria es deficiente y prematura, ya que la evidencia plantea controversias sobre si la peticionaria obtuvo o no beneficios del matrimonio con el señor Conradt sobre el dinero que cobró PACI. Además, existe prueba que la señora Seidel asistió las gestiones de PACI lo que levanta dudas sobre la separación de las partes o si procede desestimar a la peticionaria. Las partes presentaron escritos adicionales reafirmando sus argumentos.

Así las cosas, el 21 de noviembre de 2024, notificada el 25 posterior, el TPI emitió la *Resolución* recurrida. En esta, el foro primario acogió los planteamientos de IBTS y determinó denegar el pedido de la señora Seidel. El foro *a quo* expresó que la antedicha moción debe considerarse como una solicitud de sentencia sumaria, la cual incumple con las formalidades del ordenamiento procesal. A su vez, indicó que existen hechos esenciales en controversias y

---

[4] *Íd.*, a las págs. 123 y 141-142.

apuntaló que en la contestación a la demanda original se admitió que estaban casados bajo el régimen de Sociedad Legal de Gananciales.

Inconforme, la peticionaria presentó oportuna reconsideración a la cual IBTS se opuso. El foro recurrido las declaró *No Ha Lugar* mediante la Resolución emitida y notificada el 17 de enero de 2025.[5] Se hace importante destacar que la peticionaria expresó en su solicitud que el 6 de septiembre de 2024, notificada el 9 siguiente, el TPI emitió una Sentencia Parcial decretando la paralización de la causa de acción en contra del señor Conradt por lo que, al tribunal reconocer la existencia de una sociedad legal de gananciales, debe extenderse la orden a ella y a la Sociedad Legal de Gananciales. La parte recurrida se opuso y recordó que este asunto fue decidido por el TPI en la Orden notificada el 9 de septiembre de 2024 cuando denegó paralizar el pleito en su totalidad debido a la quiebra del señor Conradt.[6]  Determinación que advino final y firme.

Todavía en desacuerdo, la peticionaria acude ante esta *Curia* imputándole al foro primario haber incurrido en los siguientes errores:

> PRIMERO: ERRÓ EL TPI AL CONCLUIR QUE LA SOLICITUD DE DESESTIMACIÓN PRESENTADA POR LA PARTE COMPARECIENTE ERA UNA SOLICITUD DE SENTENCIA SUMARIA QUE NO PODÍA DIRIMIRSE SUMARIAMENTE, SIN LA CELEBRACIÓN DE UN JUICIO PLENARIO, MANTENIENDO A LA PARTE COMPARECIENTE COMO CODEMANDADA SIN HABERSE FORMULADO ALEGACIONES EN SU CONTRA.

> SEGUNDO: ERRÓ EL TPI AL NO CONSIDERAR EL EFECTO DE LA RESOLUCIÓN RECURRIDA EN LA ORDEN DE PARALIZACIÓN POR QUIEBRA DEL CODEMANDADO, ESPOSO DE LA COMPARECIENTE.

---

[5] Mediante este dictamen, el TPI también resolvió la reconsideración presentada por el señor Conradt impugnando la Sentencia Parcial emitida el 21 de noviembre, notificada el 25 siguiente, en la que se declaró Ha Lugar a la moción de sentencia sumaria parcial instada por IBTS. Véase, Entrada Núm. 185 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[6] Véase, SUMAC, Entrada Núm. 178.

El 25 de febrero de 2025, emitimos una *Resolución* concediendo a la parte recurrida el término de diez (10) días para expresarse. El 28 de febrero siguiente se cumplió lo ordenado, por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**El auto de *certiorari***

La Regla 52.1 de las de Procedimiento Civil, (32 LPRA Ap. V, R. 52.1), establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre, entre otros, de la denegatoria de una moción de carácter dispositivo. Sin embargo, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, previo a ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, (4 LPRA Ap. XXII-B, R. 40), se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto el *certiorari*. *García v. Padró*, 165 DPR 324, 334 (1999). Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR*, 185 DPR 307, 338-339 (2012); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. (citas omitidas)." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). Así pues, se ha considerado que la discreción se nutre de un juicio racional

cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna. (citas omitidas)." *Íd.* A estos efectos, la Regla 40 de nuestro Reglamento, *supra*, enmarca los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional de *certiorari. I.G. Builders et al. v. BBVAPR, supra.* Dicha regla establece lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En síntesis, la precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari.* De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Además, es norma trillada que un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009). También, los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del

procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008).

**III.**

En esencia, la peticionaria señaló que el TPI erró al denegar desestimar el pleito en su contra y al no considerar el efecto de la orden de paralización por quiebra a favor del codemandado, señor Conradt, a las demás partes que se mantienen en el caso acorde con lo determinado en la *Resolución* recurrida.

Evaluado el recurso ante nuestra consideración, precisa expresar que el asunto que se pretende revisar está comprendido entre los asuntos interlocutorios que podemos revisar discrecionalmente por vía del *certiorari,* al amparo de la Regla 52.1 de las de Procedimiento Civil, *supra.* Sin embargo, están ausentes los criterios que ameritan nuestra intervención según la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

La determinación del foro primario encuentra apoyo en el ordenamiento jurídico y, además, se fundamenta en el ejercicio razonable de la discreción en el manejo de los casos ante su consideración. Asimismo, precisa recordar que el TPI, mediante la Orden emitida el 6 de septiembre de 2024, notificada el 9 posterior, decretó diáfanamente que la paralización por quiebra a favor del señor Conradt no se extendía a la totalidad del pleito (es decir, a las demás partes codemandadas). Por lo que, cualquier planteamiento que pretenda la revisión de dicha determinación, resulta en exceso tardía.

Resulta importante advertir que constituye un principio general de derecho que las decisiones de los tribunales de primera instancia merecen deferencia de parte de los tribunales apelativos. No obstante, si la decisión apelada refleja abuso de discreción, pasión, prejuicio, parcialidad o error manifiesto, el tribunal apelativo debe revocar dicha determinación. *Trans-Oceanic Life Ins. v. Oracle*

*Corp.,* 184 DPR 689, 709 (2012); *Coop. Seguros Múltiples de PR v. Lugo,* 136 DPR 203, 208 (1994); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

En fin, reiteramos que, de la lectura de la *Solicitud de Certiorari,* no surge razón alguna por la que debamos de intervenir con el dictamen recurrido.[7]

**IV.**

Por los fundamentos antes expuestos, denegamos expedir el auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[7] Aclaramos que la denegatoria a expedir el auto de *certiorari* no constituye una adjudicación en los méritos y responde al ejercicio de la facultad discrecional del Tribunal de Apelaciones para no intervenir a destiempo con el trámite pautado por el foro de primera instancia, evitando que se dilate innecesariamente la resolución final del pleito. *Vélez Rosario v. Class Sánchez,* 198 DPR 870, 878 (2017), en referencia a *Núñez Borges v. Pauneto Rivera,* 130 DPR 749, 755-756 (1992). La parte afectada por la denegatoria de expedir el auto de *certiorari* podrá revisar el dictamen final cuando se resuelva la causa de acción por el foro sentenciador. 198 DPR, a las páginas 878-879, citando a *Negrón v. Srio. De Justicia,* 154 DPR 79, 93 (2001); *Bco. Popular de PR v. Mun. de Aguadilla,* 144 DPR 651 (1997).